**Joseph Khalil MAKHLOUF, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–4548.

United States Court of Appeals, Second Circuit.

April 22, 2005.

Timothy E. Wichmer, Bernhardt & Wichmer, PC, St. Louis, MO, for Petitioner.

William C. Peachey, Trial Attorney, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Civil Division; Michael P. Lindemann, Assistant Director, Office of Immigration Litigation),

U.S. Department of Justice, Washington, DC, for Respondent.

Present: WALKER, Chief Judge, LEVAL, Circuit Judge, and DUPLANTIER, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals is **AFFIRMED**, and the petition for review is **DENIED**.

Petitioner Joseph Khalil Makhlouf seeks review of a September 5, 2002, Board of Immigration Appeals ("BIA") order affirming without opinion the November 13, 2000, decision of an Immigration Judge ("IJ") denying Makhlouf's application for withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). In his petition, Makhlouf argues that the IJ erred in 1) failing to find that it was more likely than not that he would be tortured if returned to Lebanon, and 2) failing to find that Makhlouf had demonstrated a well-founded fear or clear probability of future persecution in Lebanon so as to qualify him for asylum or withholding of removal. Familiarity with the facts and procedural history is assumed. We affirm.

In order to receive relief under CAT, Makhlouf was required to "establish that it is more likely than not that he ... would be tortured if removed to the proposed country of removal," which, in his case, is Lebanon. 8 C.F.R. § 208.16(c)(2); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir.2004). "We review the

---

* The Honorable Adrian G. Duplantier, of the United States District Court for the Eastern District of Louisiana, sitting by designation.

factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' " that the petitioner qualified for CAT relief. *Id.* at 177 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ opinion directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003).

In light of Makhlouf's testimony and information on the record about conditions in Lebanon, we find reasonable the IJ's conclusion that Makhlouf had not shown it was probable that he would be tortured if returned to Lebanon. The IJ referred to his previous decision, wherein he pointed to non-trivial discrepancies between Makhlouf's various accounts (in his asylum application, interview, and testimony) of the shooting of three Syrian soldiers for which Makhlouf claims he will be tortured or killed in Lebanon. The IJ also found it significant that Makhlouf was able to remain in Lebanon for eleven years after that shooting without being held responsible for it. Although Makhlouf claims to have been detained and beaten for a day in 1982, that incident was apparently unrelated to the shooting. Background information in the record reveals that former members of the Lebanese Forces, the banned militia group in which Makhlouf allegedly served, have recently occupied high-level positions in the Lebanese government, and former supporters of the group apparently participate in Lebanese politics. Based on this information, and on his own assessment of Makhlouf's credibility, the IJ was entitled to find that Makhlouf had not demonstrated a likelihood of torture, as required under the INS regulations implementing CAT.

Respondent argues that Makhlouf's asylum and withholding of removal claims are time-barred. We need not decide whether respondent is correct because Makhlouf's claims lack merit. *See Abimbola v. Ashcroft,* 378 F.3d 173, 180 (2d Cir.2004). In light of the discrepancies in Makhlouf's statements and his ability to remain safely in Lebanon for eleven years, the IJ was entitled to find that Makhlouf had not established his eligibility for asylum or withholding of removal.

We have carefully considered Makhlouf's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.